IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JAMES SADLER,

    Plaintiff,

vs.                                                Case No: 1:22-cv-02203-STA-jay

TYSON FOODS, INC.,

    Defendant.

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AND DISMISS WITH PREJUDICE

Defendant Tyson Foods, Inc. ("Defendant"), by and through undersigned counsel, pursuant to LR 7.2 hereby files this Memorandum in Support of its Motion to Enforce Settlement and Dismiss with Prejudice and requests this Court to order Plaintiff to execute the Confidential Settlement Agreement and General Release that was provided to him through his counsel after a settlement was reached in this matter on January 6, 2023, and dismiss this action with prejudice. In support of its Motion, Defendant states the following:

### BACKGROUND FACTS

1. On January 6, 2023, the parties reached a settlement of Plaintiff's claims against Defendant (Decl. of J. Gregory Grisham, at ¶2, 1-6-2023 correspondence attached as Collective Exhibit 1.).

2. Plaintiff not returning to work was a material term of the settlement (Decl. of J. Gregory Grisham, at ¶3, Exhibit 1).

1

3. The depositions scheduled for the week of January 9, 2023, including Plaintiff's deposition, were canceled after the settlement was reached (Decl. of J. Gregory Grisham, at ¶4).

4. On January 26, 2023, Counsel for Defendant via email sent a Settlement Agreement, General Release and Waiver ("Agreement") to Counsel for Plaintiff to review and for execution by Plaintiff (Decl. of J. Gregory Grisham, at ¶5, 1-26-2023 Email and Agreement attached as Collective Exhibit 2)[1].

5. In an email dated January 30, 2023, Counsel for Plaintiff responded to the January 26, 2023, email and requested one change in the Agreement, namely that the no-reemployment provision be removed (Decl. of J. Gregory Grisham, at ¶6, 1-30-2023 Email attached as Exhibit 3).

6. In an email dated February 5, 2023, Counsel for Defendant responded to the January 30, 2023, email and advised that the Defendant was not agreeable to the requested change. (Decl. of J. Gregory Grisham, at ¶7, 2-5-2023 Email attached as Exhibit 4).

7. On February 15, 2023, Counsel for Defendant sent an email to Plaintiff's Counsel stating "[j]ust following up since I haven't heard back from you. We need to get the settlement agreement finalized and the case dismissed, since we settled the case over a month ago." (Decl. of J. Gregory Grisham, at ¶8, 2-15-2023 Email attached as Exhibit 5).

8. Counsel for Defendant received an email from Plaintiff's Counsel later on February 15 asking him to give her a call and a telephone conference was held on February 16, 2023 (Decl. of J. Gregory Grisham, at ¶9).

---

[1] The Agreement is being filed under seal since its terms are confidential.

9. During the call Plaintiff's Counsel advised, among other things, that Plaintiff had changed his mind and decided he did not want to settle the case and confirmed that she had authority from Plaintiff on January 6, 2023 to settle the case (Decl. of J. Gregory Grisham, at ¶10).

10. Counsel for Defendant advised Plaintiff's Counsel that Defendant would be filing a Motion to Enforce Settlement (Decl. of J. Gregory Grisham, at ¶11).

## LEGAL STANDARD AND ARGUMENT

As a threshold matter, a district court has the authority to enforce an agreement to settle litigation pending before it. See *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986). Settlement of disputed claims are much favored by the courts. *Williams v. First National Bank*, 216 U.S. 582 (1910); *Petersen v. Genesis Learning Centers*, No. M2004–01503–COA–R3–CV, 2005 WL 3416303 at *4 (Tenn. Ct. App. M.S., Dec. 13, 2005) ("[S]ettlement agreements . . . are favored by the courts and represent the achievement of an amicable result to pending litigation." (quotations omitted)). Specifically, "[i]t has long been the public policy of Tennessee to support and favor settlement agreements in compromise of litigation." *In re High Pressure Laminate Antitrust Litig.*, No. M2005-01747-COA-R3CV, 2006 WL 3681147, at *3 (Tenn. Ct. App. Dec. 13, 2006) (citations omitted). "Absent a demonstration of fraud or other compelling circumstances, a court should honor and enforce a settlement agreement as it would any other contract." *Petersen*, 2005 WL 3416303 at *4 (citing *Moffett, Larson, & Johnson v. Carman*, No. 01–A–01–9501–CH00007, 1995 WL 322642, at *3 (Tenn. Ct. App. May 26, 1995)); *see also Harvey v. Turner*, No. M201400368COAR3CV, 2015 WL 1451702, at *2 (Tenn. Ct. App. Mar. 26, 2015). When the parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the parties are bound by the terms of the oral agreement. *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir. 1985).

In this case, it is clear that the parties had agreed to a settlement of Plaintiff's claims and that Plaintiff's Counsel had authority from Plaintiff to settle the case on the agreed terms. *See* (Decl. of J. Gregory Grisham, at ¶¶2-10, and Exhibits 1-5). See *Fort Sanders Regional Med. Ctr. v. Collins*, No. 03A01–9202–CH–00041, 1992 WL 184682, at *1 (Tenn.Ct.App.1992) ("[W]here express authority is given to an attorney to compromise a matter by the client, the attorney's agreement to settle within the terms expressed will bind the client." (citing *Hart v. First National Bank*, 690 S.W.2d 536 (Tenn.Ct.App.1985))).

Therefore, Defendant respectfully requests that this Court enter an Order enforcing the settlement reached by the parties as set forth in Exhibits 1 and 2, order Plaintiff to execute the Confidential Settlement Agreement and General Release in accordance with the terms of the settlement reached, and then dismiss Plaintiff's claims against Defendant with prejudice.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

By:   */s/ J. Gregory Grisham*
J. Gregory Grisham (TN BPR #013810)
1715 Aaron Brenner Drive, Suite 312
Memphis, Tennessee 38120
Telephone: (901) 526-0431
Facsimile: (901) 526-8183
ggrisham@fisherphillips.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following via the Court's ECF system:

Teresa A. Luna (#26447)
Spragins, Barnett & Cobb, PLC
312 East Lafayette Street
Jackson, Tennessee 38301
tluna@spraginslaw.com

*Attorney for Plaintiff*

                                                */s/ J. Gregory Grisham*
                                                J. Gregory Grisham